# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

IN RE:

STEVE R. BECK
MARGARETE BECK

CASE NO.: 12-10213(1)(13)

_____Debtors_____

## MEMORANDUM-OPINION

This matter is before the Court on the Motions of Debtors Steve and Margarete Beck ("Debtors") to Strip Off Junior Liens of Creditor First Federal Savings Bank ("Bank"). The Court considered the Debtors' Motions, the Objections of the Bank, the comments of counsel for the parties at the hearing held on the matter, as well as the supplemental objections and response of the Debtors filed after the hearing. For the following reasons, the Court will **DENY** the Debtors' Motions to Strip.

## PROCEDURAL BACKGROUND

Debtors filed their Voluntary Chapter 13 Petition on February 21, 2012. On Schedule C, Debtors claimed an exemption of $43,250 in real property located at 4395 Bramlett Road. This is the Debtors' address as listed on their Petition. Debtors also listed "real property located at 4382 Bramlett Road, Greensboro, Kentucky 42743, 22.88 acres of land" on Schedule C. The value of the claimed exemption in the 22.88 acres is stated at "0.00."

On February 22, 2012 and March 15, 2012, Debtors filed Motions to Strip Off Junior Liens of the Bank. Debtors claim that the Bank's liens are the second, third and fourth mortgage liens on the 22.88 acres of real estate and that the amounts of the claims which the liens secure are $310,000, $217,000 and $200,000, respectively. Debtors valued the 4395 Bramlett Road real property at $53,500 and the 22.88 acres at $20,000 in their Petition. PBI Bank has a senior mortgage on the combined real estate in the amount of $40,538.

The Bank objected to the Motions to Strip the second, third and fourth mortgages disputing the Debtors' valuation of the real estate. The Bank submitted an appraisal of the real property located at 4395 Bramlett Road and the 22.88 acres which placed a value on the combined property of $145,000.

Debtors contend that the Bank has a lien only on the 22.88 acres and not the residence located at 4395 Bramlett Road.

Following a hearing on the Debtors' Motions, the Court established deadlines of April 6, 2012 for Debtors to amend Schedule C and April 23, 2012 for the Bank to supplement the record.

Debtors failed to timely amend Schedule C, but on April 18, 2012 filed Amended Schedules A and C claiming an exemption of $40,568 in the residential property at 4395 Bramlett Road and an exemption of $2,682 in the 22.88 acres located at 4383 Bramlett Road.

## **LEGAL ANALYSIS**

The Court cannot grant Debtors' Motions to Strip Junior Liens for several reasons. First, Debtors did not claim an exemption in the 22.88 acres when they filed their Petition. The Court gave Debtors a deadline to amend Schedule C, but Debtors failed to timely comply with the deadline.

Next, the Bank submitted an appraisal of the combined property of $145,000. In their Petition, Debtors placed the value of the residential property at $53,500 and the value of the 22.88 acres at $20,000. Debtors used only the Property Valuation Administration Records to value the real estate. The burden is on the Debtors to overcome the presumption that the Bank's secured claim is as stated in its Proof of Claim. *In re Southmark Storage Associates*, 130 B.R. 9 (Bankr. D. Conn. 1991). *See also*, Fed. R. Bankr. P. 3001 (f), "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." The burden of persuasion was on the Bank to demonstrate by a preponderence of the evidence the value of the collateral securing its claim. Debtors failed to rebut this presumption and the Bank met its burden on the valuation of the property.

The Amended Schedules, which were not timely filed in accordance with the Court's deadlines, set forth two new dollar amounts for the claimed exemptions. No explanation was provided by the Debtors for the arbitrary assignment of the values to the exemptions on the Amended Schedules. In any event, the Amendments were not timely filed and will not be considered by the Court.

The Court is also not convinced that Debtors, even if they had timely filed the Amendment to the Schedules, are entitled to claim an exemption in the 22.88 acres. Debtors' claimed the exemption under 11 U.S.C. §522(d)(1) in real property located at 4395 Bramlett Road and the 22.88 acres located at 4382 Bramlett Road. The statute cited as the basis of the exemption refers to "real property or personal property that the debtor or a dependent of the debtor uses as a residence. . .". The 4395 Bramlett Road property encompasses the Debtors' residence. Indeed, this is the address that Debtors stated as their correct address on their sworn Petition. The 22.88 acres has a separate address and is located across the road from the Debtors' residence. No authority is cited by the Debtors to support an exemption for the 22.88 acres under 11 U.S.C. §522(d)(1). *See Lanier v. Beaman*, 394 B.R. 382 (E. D. N.C. 2008) (exemption denied with respect to adjacent lot separated from debtors' residence by a fence and which did not contain any structures. *See also*, *In re Wilson*, 347 B.R. 880 (Bankr. E. D. Tenn. 2006); *In re Dilbeck*, 2008 WL 867897 (Bankr. E. D. Tenn. 2008); and *In re Whitney*, 459 B.R. 712 (Bankr. N. D. Ohio 2011). The property Debtors seek to exempt in this case is not listed as their residential address on

-4-

their Petition and has a separate address.  The record does not support Debtors' claim to an exemption under 11 U.S.C. §522(d)(1) for the 22.88 acres.

## CONCLUSION

For all of the above reasons, the Court will **DENY** the Motions of Debtors Steve and Margarete Beck to Strip Off Junior Liens of Creditor First Federal Savings Bank.  An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 24, 2012

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

STEVE R. BECK
MARGARETE BECK

CASE NO.: 12-10213(1)(13)

<u>            Debtors          </u>

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motions of Debtors Steve and Margarete Beck to Strip Off Junior Liens of Creditor First Federal Savings Bank, be and hereby are, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: May 24, 2012